UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ILYA VETT,

        Plaintiff

-against-

THE CITY OF NEW YORK,

THE NEW YORK CITY POLICE DEPARTMENT,

POLICE OFFICER JAMES TAYLOR, in his official capacity as a New York City Police Officer and as an individual,

POLICE OFFICER NELSON TEJADA, in his official capacity as a New York City Police Officer and as an individual,

POLICE OFFICER NICHOLAS MAUCELI, in his official capacity as a New York City Police Officer and as an individual,

POLICE SERGEANT JAMES KELLY, in his official capacity as a New York City Police Officer and as an individual,

POLICE DETECTIVE THOMAS SCHICK, in his official capacity as a New York City Police Officer and as an individual; and

JOHN DOES 1 to 5, in their official capacity as New York City Police Officers/Detectives and as individuals.

        Defendants.
-------------------------------------------------------------------x

Index No.

**COMPLAINT**

Jury Trial Demanded

## NATURE OF ACTION

1. This is a civil rights action in which Plaintiff Ilya Vett seeks relief for violations of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983; and, of rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution; and, for rights secured under the

1

laws and constitution of the State of New York. Plaintiff seeks damages, compensatory and exemplary, an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

2. This civil rights action arises from the New York City Police Department's wrongful arrest and malicious prosecution of Ilya Vett, who until late September 2018, was a veteran in the puppet department at Disney's theatrical production of The Lion King on Broadway.

3. Police falsely arrested Vett on September 21, 2018, at his place of work, the Lion King, for Attempted Criminal Possession of a Firearm, in violation of New York Penal Law §§ 110/265.01-b(1), for possessing a flimsy piece of plastic that could never be modified into an operable firearm.

4. Vett's arrest led to his malicious criminal prosecution by the New York County District Attorney for the charged crime despite a complete lack of probable cause and the obvious fact that the flimsy piece of plastic could never result in an operable firearm, i.e., capable of discharging ammunition.

## THE PARTIES

5. Plaintiff Ilya Vett is a citizen of the United States and at all relevant times to this complaint, Plaintiff was a resident of New York City.

6. Defendant City Of New York ("City") is a municipal corporation within the State of New York. Under § 431 of the New York City Charter, the City of New York established and maintains the New York City Police Department ("NYPD") a constituent department or agency. At all relevant times, the City employed the police personnel involved in the acts underlying this lawsuit.

7. Defendants Police Officer James Taylor, Police Officer Nelson Tejada, Police Officer Nicholas Mauceli, Police Sergeant James Kelly, Police Detective James Schick and NYPD employees John Does 1 to 5 were at all times relevant to this complaint, duly appointed and acting police officers employed by the NYPD.

8. At all times relevant to this complaint, Defendants acted under the color of state law.

9. A Notice of Claim was filed within 90 days of the occurrence alleged herein.

10. More than 30 days have elapsed since the Notice of Claim was served upon the Defendants and Defendants have neglected or refused to make any adjustment or payment thereof.

11. This action is commenced within one year and 90 days after the cause of action arose.

## JURISDICTION AND VENUE

12. Jurisdiction is conferred by 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983, to redress the deprivation (under color of state law, statute, ordinance, regulation, custom or usage) of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

13. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

14.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

**FACTUAL ALLEGATIONS**

15. On September 21, 2018, Vett was employed as a puppet department day worker for Broadway's The Lion King, where for approximately 17 years he was responsible for maintaining the vast stable of puppets of the world renowned, award-winning production.

16. Vett also acted as a vendor for Disney Theatrical and/or its affiliates and subsidiaries at the time of his arrest.

17. On September 21, 2018, Police Officer James Taylor, Shield 23991 of the Midtown South Precinct, arrived at the Minskoff Theater, located at 200 West 45th Street in New York County, New York, where The Lion King is performed and seized a small part of a 3D printed plastic prop of a revolver ("prop") that was in the process of printing.

18. Shortly after arriving at the Minkoff Theater on September 21, 2018, Vett was arrested by Police Officer Taylor, Police Officer Nelson Tejada and Police Officer Nicholas Mauceli for Attempted Criminal Possession of a Firearm, in violation of Penal Law §§ 110/265.01-b(1), to wit, the prop. Mr. Vett's arrest was approved by Sergeant James Kelly. However, it was obvious to anybody who has ever handled a firearm, such as police officers, police sergeants and detectives employed by the NYPD, Police Officer Taylor as well as the other named defendants, or even a layperson, that the prop could never be modified into an operable firearm that is capable of discharging ammunition.

19. Following his arrest, Vett was taken to the Midtown South Precinct where he was interviewed by Detective Thomas Schick, among others. During the interview, Mr. Vett truthfully stated to Detective Schick that the partially 3D-printed object was part of a mere prop that could not be modified into a firearm. In addition, Vett truthfully stated in sum and substance, "the description of the plans for the black object state that it is completely non-functioning and it

is impossible to make the black object do anything other than just be a prop." Detective Schick acknowledged during the interview that the plastic piece was part of "a prop of a firearm."

20. Vett had obtained the 3D printing plans for the prop from a publicly available, open source general design website. The prop was being printed by Vett with the full knowledge that it could never be capable of firing ammunition. The printing plans for the prop prominently contain the following disclaimer on the first page under Summary: "ATTENTION! This is not a real gun! It cannot shoot and it was never meant to do so! There is no firing pin and the space where it would theoretically be is needed for my internal mechanics anyway." Vett conveyed all of the aforementioned to Detective Schick during the interview.

21. Thus, even the completed prop would not be an operable firearm and it could not be modified into an operable firearm.

22. Despite the obvious limitations of both the printed portion of the plastic prop and a fully printed version of the plastic prop, Police Officer Taylor signed a criminal complaint under the penalty of perjury falsely charging Mr. Vett with Penal Law §§ 110/265.01-b(1) for possessing "a hard black plastic object." The criminal complaint also included hearsay statements of Mr. Vett made to Detective Schick, which falsely mischaracterizes what Mr. Vett stated in the interview and omits all information about the nature of the printed portion of the prop, which was a mere piece of plastic that could never be modified into an operable firearm. The criminal complaint also omits the fact that even if the prop were fully printed, it would not be an operable firearm and it could not be modified into an operable firearm.

23. In addition, NYPD employees John Does 1 to 5 conspired to bring about the false criminal charge and prosecution of Vett.

24. On September 22, 2019, Vett, who was represented by a public defender, was arraigned in New York City Criminal Court in New York County on the above-stated criminal complaint. Vett's case was adjourned to November 7, 2018, in Part A of New York County, New York City Criminal Court.

25. Immediately following Vett's arrest, he was fired by Disney Theatrical from his position at The Lion King.

26. In addition, immediately following Vett's arrest, the New York City Police Department ("NYPD") undertook a publicity blitz, promoting Vett's arrest to the *New York Post* ("'Lion King' prop maker busted for trying to 3-D-print a gun"), *The New York Times* ("'Lion King' Puppet Specialist Charged With Manufacturing 3-D Printed Gun at Theater"), *The Washington Post* ("'Lion King' puppet technician arrested in the making of a 3-D printed gun in a Broadway theater"), which led to televisions news networks and stations such as Fox News and PIX11 airing news stories.

27. One news article published in the *Daily News* on September 23, 2018, entitled "'Lion King' puppet master caught making 3D-printed gun in theater prop room" included a photograph of the prop in the NYPD's marked evidence bag.

28. This publicity campaign initiated by the NYPD about Vett's false arrest and malicious prosecution caused embarrassment, emotional distress and financial hardship to Vett.

29. In addition, following Vett's arrest and arraignment he was prevented from doing work as both a vendor for Disney, its affiliates and subsidiaries and non-Disney entities, which caused him emotional distress and financial harm.

30. Furthermore, following Vett's arrest and arraignment, no other Broadway production would hire him despite his wealth of expertise.

31. On September 24, 2018, Detective Schick signed a supporting deposition under the penalty of perjury falsely stating that everything in the criminal complaint filed at Vett's arraignment was true.

32. While it was already plainly obvious on September 21, 2018, that the printed part of the plastic prop, as well as a fully printed version of the plastic prop, could never be fashioned into anything else, including but not limited to an operable firearm, on September 25, 2018, the NYPD completed a report by the Firearm Analysis Section of the NYPD Laboratory that concluded that the prop "is not capable of discharging a live cartridge and is therefore NOT A FIREARM."

33. Despite what was already obvious and the NYPD's laboratory report, on October 5, 2018, Matthew Sears, Esq., the prosecutor assigned to the case by the New York County District Attorney, filed and served a certificate of readiness which declared that the People were ready for trial in Mr. Vett's case. Mr. Sears made the false declaration of readiness for trial when it was already obvious and not arguable that Vett was innocent of the criminal charge for which he was being prosecuted.

34. Prior to his appearance in criminal court on November 7, 2018, Vett retained a private criminal defense attorney. Vett appeared in criminal court on November 7, 2018, and the case was adjourned to January 14, 2019. Vett also appeared in criminal court on January 14, 2019, and the case was adjourned to March 7, 2019.

35. On March 7, 2019, the criminal charge against Vett was dismissed and the case was sealed because he was innocent of attempting to possess any firearm, in violation of Penal Law §§ 110/265.01-b(1).

36. Between Vett's arraignment on September 22, 2018, and the dismissal of the criminal prosecution ion March 7, 2019, Vett was the subject of several additional stories in the news about his arrest and prosecution which caused him additional embarrassment, emotional distress and financial hardship.

37. Since the dismissal of the criminal prosecution, Vett has had great difficulty in securing gainful employment.

38. As a result of Vett's false arrest and malicious prosecution over six months he and since the dismissal of the criminal prosecution he has suffered continued emotional distress and financial harm.

39. The unlawful conduct of the NYPD violated federal and New York laws and entitles Vett to compensatory and punitive damages under 42 U.S.C. § 1983, a federal statute authorizing a civil rights lawsuit based on such conduct.

## FIRST CAUSE OF ACTION
**(False Arrest Under State Law; All Defendants)**

40. Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

41. Defendants, individually and acting in concert and/or aiding and abetting each other, intended to confine Plaintiff.

42. Defendants did not have probable cause to arrest Plaintiff.

43. Plaintiff was conscious of that confinement and did not consent to it.

44. The confinement was not privileged and made in disregard of overwhelming evidence of Plaintiff's innocence.  As a result of Defendants' actions, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
**(Malicious Prosecution Under State Law; All Defendants)**

45. Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

46. By virtue of the foregoing, Defendants, acting in concert with and aiding and abetting each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

47. The criminal proceedings terminated in Plaintiff's favor.

48. There was no probable cause for the commencement or the continuation of the criminal proceedings.

49. Defendants acted with actual malice.

50. The City is liable for Defendant's actions under the principle of *respondeat superior*.

### THIRD CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision; Defendant City of New York)**

51. Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

52. By virtue of the foregoing, Defendant City of New York is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or grossly negligent hiring, retention and supervision of its agents, servants and/or NYPD employees with regard to their duties, including:

   (a) the standards for probable cause to effectuate an arrest;

   (b) the duty not to use false, misleading or unreliable evidence;

   (c) the standards for what is—and is not a crime—based on settled and prevailing law;

   (d) the continuing obligation to correct false, inaccurate, incomplete or misleading evidence and statements;

(e) maintaining a criminal prosecution when there is evidence that in fact no crime was committed; and

(f) the continuing duty to obtain, to preserve and to make timely disclosure to the appropriate parties, including the court and prosecutors, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected, accused or convicted of criminal conduct, including exculpatory evidence as well as evidence impeaching the credibility or undercutting the reliability of prosecution witnesses and including verbal as well as recorded information.

53. Policymaking and supervisory officials for The NYPD and the City had legal and constitutional obligations to prevent their employees from violating the above duties. Those policymakers and officials had knowledge and notice that adequate polices regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by the NYPD.

54. By virtue of the foregoing, Plaintiff suffered actual damages foregoing, Plaintiff suffered actual damages.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. §1983; Malicious Prosecution; Wrongful Arrest And Detention; Evidence Manufacturing; Denial of A Fair Trial; and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendments; Against All Defendants)**

55. Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

56. Defendants, without probable cause, wrongfully detained and arrested Plaintiff and wrongfully charged him with criminal acts.

57. The individual Defendants, by virtue of the foregoing, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

58. The criminal proceedings terminated in Plaintiff's favor.

59. There was no probable cause for the commencement or the continuation of the criminal proceedings.

60. There was no probable cause for Plaintiff's initial detention.

61. Defendants acted with actual malice.

62. The individual Defendants were motivated by spite in arresting Plaintiff, despite his actual and known innocence.

63. The aforesaid conduct operated to deprive Plaintiff of his rights under the federal and New York State constitutions and the Laws of the United States.

64. The foregoing violations of Plaintiff's federal and state constitutional rights by Defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause and his other injuries and damages.

65. The foregoing violations of Plaintiff's rights amounted to constitutional torts and were affected by actions taken under color of state law and within the scope of Defendants' employment and authority.

66. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently and/or with deliberate indifference to Plaintiff's constitutional rights which are protected by 42 U.S.C. § 1983.

67. By reason of the foregoing, Defendants are liable for damages.

**FIFTH CAUSE OF ACTION**
**Claim Under 42 U.S.C. § 1983 for Violative Policies, Practices and Procedures**
**(Against The City of New York and The New York City Police Department)**

68.     Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

69.     The City of New York and The NYPD had in effect, both before and at the time of the events alleged in this complaint, policies, practices, procedures, and customs which operated to deprive Plaintiff of his constitutional rights.

70.     The City of New York and The NYPD are liable under 42 U.S.C. § 1983 because they established policies, practices, procedures, and customs that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Plaintiff and other similarly situated persons. At a minimum, the supervisors and the governmental units were deliberately indifferent to such constitutional violations.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress Under State Law; All Defendants)**

71.     Plaintiff realleges and Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

72.     Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at Plaintiff until at least March 7, 2019, when the charges against Plaintiff were dismissed.

73.     Defendants engaged in that pattern of conduct with an intention to cause or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

74.     Specifically, Defendants, individually and conspiring, acting in concert with and/or aiding and abetting one another and other persons for whose acts they are liable, created

false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so, and suppressed exculpatory material.

75. Plaintiff suffered severe emotional distress as a result of Defendants' actions.

76. By virtue of the foregoing, Plaintiff suffered the actual and special damages identified in the above-stated allegations.

77. The City is liable for Defendant's actions under the principle of *respondeat superior*.

    (a) the duty not to use false, misleading or unreliable evidence;

    (b) the continuing obligation to correct false, inaccurate, incomplete or misleading evidence and statements; and

    (c) the continuing duty to obtain, to preserve and to make timely disclosure to the appropriate parties, including the court and prosecutors, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected, accused or convicted of criminal conduct, including exculpatory evidence as well as evidence impeaching the credibility or undercutting the reliability of prosecution witnesses and including verbal as well as recorded information.

78. Policymaking and supervisory officials for the New York City Police Department and the City had legal and constitutional obligations to prevent their employees from violating the above duties.

79. Those policymakers and officials had knowledge and notice that adequate polices regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by the NYPD

80. By virtue of the foregoing, Plaintiff suffered actual damages.

**DAMAGES DEMAND**

WHEREFORE, PLAINTIFF demands judgment against Defendants as follows:

    a.    For compensatory damages of not less than $1,000,000;

    b.    For punitive damages against the individual Defendants of not less than $5,000,000;

    c.    For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

    d.    For pre-judgment interest as allowed by law; and

    e.    For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein.

DATED:    New York, New York
             April 9, 2020

/s/ Henry Bell

Henry Bell, Esq.
Bell Law PLLC
747 Third Ave, Second Floor
New York, NY 10017
347-951-7743

*Attorney For Plaintiff Ilya Vett*