UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

ILYA VETT,

                       Plaintiff,

      -against-

THE CITY OF NEW YORK et al.,

                       Defendants.

------------------------------------------------------- x

**ANSWER**

20-CV-02945 (CM)

**Jury Trial Demanded**

        Defendants[1] [2] The City of New York, Police Officer James Taylor, Sergeant Nicholas Mauceli, and Detective Thomas Schick, as and for their Answer to the Complaint, dated April 9, 2020, respectfully:

        1.     Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action and seeks certain relief as stated therein.

        2.     Deny the allegations in paragraph "2" of the Complaint.

        3.     Deny the allegations in paragraph "3" of the Complaint.

        4.     Deny the allegations in paragraph "4" of the Complaint.

        5.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

        6.     Deny the allegations in paragraph "6" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York and that it maintains a police department known as the New York City Police Department, and

---

[1] The New York City Police Department, named as a defendant herein, is not a suable entity. *See, e.g.* Marte v. New York City Police Dep't, 1:10-cv-3706-PKC, 2010 U.S. Dist. LEXIS 109932, at *3-4 (S.D.N.Y. Oct. 12, 2010).

[2] Police Officer Nelson Tejada and Sergeant James Kelly have not been served and have not requested representation by this office..


respectfully refer to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint, except admit that in September 2018, Taylor, Mauceli and Schick were employed by the City as a police officer, police sergeant and police detective respectively..

8. State that the allegations in paragraph "8" of the Complaint are legal conclusions to which no response is required.

9. Deny the allegations in paragraph "9" of the Complaint.

10. Deny the allegations in paragraph "10" of the Complaint.

11. Deny the allegations in paragraph "11" of the Complaint.

## JURISDICTION AND VENUE

12. Deny the allegations in paragraph "12" of the Complaint, except admit that plaintiff invokes the jurisdiction of this Court as stated therein.

13. Deny the allegations in paragraph "13" of the Complaint, except admit that plaintiff invokes the supplemental jurisdiction of the Court as stated therein.

14. Deny the allegations in paragraph "11" of the Complaint, except admit that venue in this district is proper.

## FACTUAL ALLEGATIONS

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint.

17. Deny the allegations in paragraph "17" of the Complaint.

18. Deny the allegations in paragraph "18" of the Complaint.

19. Deny the allegations in paragraph "19" of the Complaint.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

22. Deny the allegations in paragraph "22" of the Complaint.

23. Deny the allegations in paragraph "23" of the Complaint.

24. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint.

25. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint.

26. Deny the allegations in paragraph "26" of the Complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28. Deny the allegations in paragraph "28" of the Complaint.

29. Deny the allegations in paragraph "29" of the Complaint.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint.

31. Deny the allegations in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint, except refer to the report for a recitation of its contents..

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35. Deny the allegations in paragraph "35" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the dismissal.

36. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

38. Deny the allegations in paragraph "38" of the Complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. In response to the allegations in paragraph "40" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

41. Deny the allegations in paragraph "41" of the Complaint.

42. Deny the allegations in paragraph "42" of the Complaint.

43. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44. Deny the allegations in paragraph "44" of the Complaint.

45. In response to the allegations in paragraph "45" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

46. Deny the allegations in paragraph "46" of the Complaint.

- 5 -

47. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint.

48. Deny the allegations in paragraph "48" of the Complaint.

49. Deny the allegations in paragraph "49" of the Complaint.

50. Deny the allegations in paragraph "50" of the Complaint.

51. In response to the allegations in paragraph "51" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein..

52. Deny the allegations in paragraph "52" of the Complaint.

53. Deny the allegations in paragraph "53" of the Complaint.

54. Deny the allegations in paragraph "54" of the Complaint.

55. In response to the allegations in paragraph "55" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein..

56. Deny the allegations in paragraph "56" of the Complaint.

57. Deny the allegations in paragraph "57" of the Complaint.

58. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Complaint.

59. Deny the allegations in paragraph "59" of the Complaint.

60. Deny the allegations in paragraph "60" of the Complaint.

61. Deny the allegations in paragraph "61" of the Complaint

62. Deny the allegations in paragraph "62" of the Complaint.

63. Deny the allegations in paragraph "63" of the Complaint.

64. Deny the allegations in paragraph "64" of the Complaint.

65. Deny the allegations in paragraph "65" of the Complaint.

66. Deny the allegations in paragraph "66" of the Complaint.

67. Deny the allegations in paragraph "67" of the Complaint.

68. In response to the allegations in paragraph "68" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

69. Deny the allegations in paragraph "69" of the Complaint.

70. Deny the allegations in paragraph "70" of the Complaint.

71. In response to the allegations in paragraph "71" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

72. Deny the allegations in paragraph "72" of the Complaint.

73. Deny the allegations in paragraph "73" of the Complaint.

74. Deny the allegations in paragraph "74" of the Complaint.

75. Deny the allegations in paragraph "75" of the Complaint.

76. Deny the allegations in paragraph "76" of the Complaint.

77. Deny the allegations in paragraph "77" of the Complaint, except state that the allegations regarding the City's duty or obligation are legal conclusions that do not require a response.

78. State that the allegations in paragraph "78" of the Complaint are legal conclusions to which no response is required.

79. Deny the allegations in paragraph "79" of the Complaint.

80. Deny the allegations in paragraph "80" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

81. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

82. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

83. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of the defendant.

**FOURTH AFFIRMATIVE DEFENSE:**

84. Defendants Taylor, Mauceli and Schick acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

85. There was probable cause for plaintiff's arrest.

**SIXTH AFFIRMATIVE DEFENSE:**

86. The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

**SEVENTH AFFIRMATIVE DEFENSE:**

87. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**EIGHTH AFFIRMATIVE DEFENSE**

88. Punitive damages are not recoverable against the City or the individual defendants in their official capacities.

### NINTH AFFIRMATIVE DEFENSE

89. Plaintiff failed to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

90. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendant The City of New York, James Taylor, Nicholas Mauceli and Thomas Schick request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 25, 2020

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendants The City of New York, James Taylor, Nicholas Mauceli and Thomas Schick*
100 Church Street
New York, New York 10007
(212) 356-5055

By: *Katherine J. Weall*
    Katherine J. Weall
    Senior Counsel
    Special Federal Litigation Division

To:   Henry Bell, Esq.
      *Attorney for Plaintiff*
      Bell Law PLLC
      747 Third Avenue, Second Floor
      New York, New York 10017          .

20-cv-2945 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILYA VETT,

                                                                           Plaintiff,

-against-

CITY OF NEW YORK et al.,

                                                                          Defendants.

### ANSWER TO THE COMPLAINT BY DEFENDANTS CITY OF NEW YORK, TAYLOR, MAUCELI AND SCHICK

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Taylor, Schick and Mauceli*
100 Church Street
New York, New York 10007

Of Counsel: Katherine J. Weall
Tel: (212) 356-5055

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................, 2020*

*........................................................................................Esq.*

*Attorney for ...................................................................................*